IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL BURKS, SR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 22-00008-TFM-B |
| | * | |
| DEEPSEAFOOD a/k/a DEEP SEA | * | |
| FOODS, INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

This action is before the Court on Defendants Deep Sea Foods, Inc. and Charles Kraver, Jr.'s motion to dismiss second amended complaint or, in the alternative, for a more definite statement. (Doc. 18). The motion, which is ripe for resolution, has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). (See Doc. 3). Upon consideration of all matters presented, the undersigned **RECOMMENDS**, for the reasons stated herein, that Defendants' motion be **GRANTED**, and that this action be **DISMISSED**.

## I. BACKGROUND

### A. Original Complaint (Doc. 1).

Plaintiff Michael Burks, Sr. ("Burks"), proceeding *pro se*, initiated this action by filing a form complaint alleging that he suffered discrimination during his employment with Defendant Deep

Sea Foods, Inc. ("Deep Sea Foods").[1] (Doc. 1). Burks appeared to name both the company and its owner, Charles Kraver, Jr. ("Kraver"), as Defendants. (See id. at 1).[2]

As grounds for jurisdiction, Burks stated:

> Employer did not abide by the State of Alabama Title I of the Americans with Disabilities Act amendments[.] There were no accomodation made regarding the job description however, my pay wages was decreased. Hardship please view documents[.] 9/8/2021 after work – ER visit.[3]

(Id.).

When prompted to state his legal claim or reason for filing suit, and to include the statute(s) under which his suit was filed, Burks stated:

> Americans with Disabilities Act Section 504 and Reasonable Modifications (2020) The Americans with Disabilities Act of 1990 Ala. Code 21-7-8 (1975) 42 USC 12101 Discrimation Section 11-43A-45 Amended by Act 2019-478 Acts 1975, NO 869, P. 1911 Code 1973.

(Id. at 2).

---

[1] Burks listed the company's name as "DeepSeafood" in his complaint. (Doc. 1 at 1). The Court noted, based on the complaint's exhibits, that the proper name of the company appeared to be Deep Sea Foods, Inc. (Doc. 5 at 2 n.1). Defendants identify the company as Deep Sea Foods, Inc. in each of their filings. (See Docs. 12, 16, 17, 18, 23, 28, 30, 32).

[2] The Court's citations to the transcript in this order refer to the pagination assigned in CM/ECF.

[3] Unless otherwise indicated by brackets, quoted language from Burks's filings is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

When prompted to give a brief, concise statement of the specific facts involved in his case, Burks stated: "Per Physcian statement I was not accomodated in a light duty status and was not paid at my regular rate of pay. I was doing the same job decription however, employer decreased my pay. Sept 8, went to ER after work." (Id.). For relief, Burks sought "[p]unitive and compensatory damages." (Id.).

**B. Order to Replead (Doc. 5).**

In an order dated January 20, 2022, the Court granted Burks leave to proceed *in forma pauperis* and conducted an initial screening of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 5). Upon review, the Court found that Burks's complaint was an impermissible shotgun pleading and failed to state a claim upon which relief could be granted. (Id. at 1-2).

With regard to Burks's shotgun pleading errors, the Court noted that the complaint failed to adequately specify which legal claims he was seeking to assert and the factual basis for each claim. (Id. at 7). The Court noted that Burks appeared to list various federal and state statutes but listed them in a haphazard and disorganized fashion, making the precise statutory bases for his claims difficult to discern. (Id.). The Court further noted that the sparse factual allegations in the complaint were overly general and lacked sufficient context to support Burks's legal conclusions or to plausibly suggest that either Defendant was

3

liable for the misconduct alleged. (Id.). The Court also pointed out that Burks did not connect his minimal factual allegations to any particular legal claim or to any of the statutes he listed. (Id.). The Court further noted that Burks failed to specify which of the alleged acts or omissions each Defendant was responsible for. (Id.).

Additionally, the Court noted that Burks had attached various documents to his complaint but had failed to explain the relevance of those documents to his allegations. (Id.). The undersigned informed Burks that "[n]either the Court nor the Defendants are required to sift through the documents attached by Burks in an effort to discern their relevance to his claims." (Id. at 7-8). The Court specifically directed Burks not to attach medical records or medical bills to any amended complaint filed in response to the Court's order. (Id. at 8).

With respect to Burks's allegations that his employer discriminated against him on the basis of disability, the Court found that Burks had failed to allege sufficient facts to state a disability discrimination claim under any of the statutes he identified, including the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (Id.). The Court informed Burks of the elements of a disability discrimination claim under the ADA, as well as the requirements to state such a claim under both "disparate treatment" and failure to provide "reasonable

4

accommodations" theories. (Id. at 10-13). And the Court explained to Burks why his complaint failed to state a plausible claim for relief under either theory. (Id. at 12-14).[4]

The Court further informed Burks that there is no individual liability for violating the employment discrimination provisions of the ADA. (Id. at 17). Thus, the Court stated that Kraver, to the extent he was an agent or supervisory employee of Burks's employer rather than Burks's employer himself, could not be held individually liable for violations of the ADA. (Id. at 18). The Court also noted that it appeared suing Kraver in his official capacity would be unnecessary and redundant because it would be, in effect, merely another way of suing Deep Sea Foods. (Id.).

Rather than recommending dismissal, the Court granted Burks leave to file an amended complaint in order to correct the noted deficiencies and state a claim for relief. (Id. at 19). The Court warned Burks that he should not assume he would be granted further opportunities to amend his pleading, and that if his amended complaint failed to correct the noted deficiencies as instructed or failed to state a claim upon which relief could be granted, this action would be subject to dismissal. (Id. at 20).

---

[4] The Court also explained why the other statutory provisions listed in the complaint were not applicable based on Burks's allegations. (Doc. 5 at 14-17).

## C. First Amended Complaint (Doc. 6).

In response to the Court's order, Burks filed a first amended complaint using a different complaint form. (Doc. 6). Burks named as Defendant No. 1: "Deep Seafood Company-Owner of individual business Charles Kraver, Jr."[5] (Id. at 2). Burks listed his place of employment as "Deep Seafood Company" and checked a box indicating that he was bringing a claim for employment discrimination under the ADA. (Id. at 3). Burks checked boxes indicating that he was complaining of discriminatory conduct that included the termination of his employment, failure to accommodate his disability, unequal terms and conditions of his employment, and retaliation, and he alleged that the Defendant(s) were "still committing these acts against [him]." (Id. at 4). Burks asserted that the Defendant(s) discriminated against him based on his disability, which he identified as the inability to lift more than ten pounds. (Id.).

When prompted to state the facts of his case, Burks wrote:

The Fact of my case are as follows: is as Exhibits 1 thru 5
Exhibit 1. Supervisor/employer demoted wage when I returned back to work from medical Leave with restriction.
Exhibit 2. No accommodations or changes to my job description nor work duties descriptions/duties as a processor never changed. Place Deep Seafood when August 15, 2021 begin paid period until 08/26/2021-

---

[5] Although the amended complaint form provided spaces to list four defendants, Burks only filled out the information for Defendant No. 1. (See Doc. 6 at 2).

Exhibit 3. The employer terminated Where-email notices
November 1, 2021 Who: Deep Seafood
Exhibit 4. Retaliated after receiving a right to sue
letter from the EEOC and on- the- job-injury inquiry.

(Id. at 4-5).

When prompted to state what damages or other relief he was

requesting, Burks stated:

> The employer did not allow qualified individual with a
> disability to perform essential function on the job.
> The employer acted with illegal motives, retaliation and
> demoted my pay wage however, the job description and
> duties of work and the workplace setting never changed.
> The employer did not make a reasonable effort to
> accommodate my disability however, aggravated sickness
> arose out of work due to, employer neglect of
> accommodation. Therefore, I Michael Burks Sr. is asking
> that the court grant me for the following damages:
> discrimination claim for back pay, front pay, lost
> benefit general and actual compensatory damages for
> emotion distress and punitive damages and as well as
> attorneys' fee and litigation costs in the sum of
> $150,000.00. The Americans with Disabilities Act of
> 1990 (ADA) 42 U.S. Code 12101.

(Id. at 6-7).

**D.   Motion to Dismiss First Amended Complaint (Doc. 12).**

On May 3, 2022, Defendants Deep Sea Foods and Kraver filed a

motion to dismiss Burks's first amended complaint or, in the

alternative, to require Burks to provide a more definite statement.

(Doc. 12). Defendants argued that the first amended complaint

failed to include sufficient factual allegations to state a claim

for relief under the ADA. (Id. at 3-5). Specifically, Defendants

argued that Burks had not sufficiently alleged that he had a

"disability" as defined by the ADA and had also failed to provide

7

facts to plausibly allege that he was a "qualified individual" under the ADA. (Id. at 4-5). Defendants further argued that Burks's claims against Kraver should be dismissed because the ADA does not provide for individual liability and Burks had not asserted any claims for which Kraver could be held liable. (Id. at 5-6). Finally, Defendants argued that the first amended complaint was a shotgun pleading because it asserted multiple claims or theories of liability without distinguishing the factual basis for each claim, and because it asserted nothing more than labels and conclusions. (Id. at 6-7).

### E. Second Amended Complaint (Doc. 15).

Instead of filing a response in opposition to Defendants' motion to dismiss, Burks filed a second amended complaint on May 23, 2022, which is now his operative pleading.[6] (Doc. 15). In the body of the instant complaint,[7] Burks lists both Kraver and Deep Sea Foods as Defendants, along with "Does 1 through 4."[8] (Id.

---

[6] Because the second amended complaint was filed within twenty-one days after Defendants served their motion to dismiss, the Court found that it was permissibly filed as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (Doc. 19 at 2). Thus, the Court found Defendants' motion to dismiss Burks's first amended complaint moot. (Id. at 3).

[7] For the sake of brevity, the Court will hereinafter refer to Burks's operative second amended complaint (Doc. 15) as the "complaint," except in circumstances in which doing so would cause confusion.

[8] "As a general matter, fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th

at 1-2). Burks states: "The following acts or failures to act alleged herein were duly performed by defendant Deep Seafood, Inc., owner Charles Kraver, Jr.: ADA, FLSA, FMLA, Retaliation, and Defendant's willful Construct of Knowledge of Plaintiff impairment." (Id. at 2).

Under the heading "Facts," Burks alleges that he "has a named disability under the ADA" and "had an impairment that met the definition of a disability under the ADA[.]" (Id.). Burks alleges that while he was an employee at Deep Sea Foods, he "was released from physician to return back to work with restriction identify and described impairment[.]" (Id.). Burks states that he "returned to work per physician documents" and alleges that his "job duties and title remained without reasonable accommodations;" his "pay was demoted by Defendant who violated ADA[;]" and his "wages [were] demoted from salary to hourly wage[.]" (Id. at 3). Burks states that he "filed a complaint with the EEOC" and "received a Right to Sue Notice[.]" (Id.). He further alleges

_____

Cir. 2010) (per curiam). The Eleventh Circuit has permitted "a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst surplusage.'" Id. (citation omitted). However, "[a] fictitious name . . . , when the real defendant cannot be readily identified for service, is insufficient to sustain a cause of action." Williams v. DeKalb Cty. Jail, 638 F. App'x 976, 976-77 (11th Cir. 2016) (per curiam). Does 1 through 4 are not described at all in the complaint, much less with adequate specificity to allow service of process. Therefore, to the extent Burks seeks to assert claims against Doe Defendants, such claims are due to be dismissed.

that he "was on approved FMLA returned to work and defendant discharged plaintiff due to disability plaintiff filed for unemployment on August 13, 2021[.]" (Id.).

Burks alleges that "Defendants Charles Kraver Jr owner of Deep Seafood Inc. had constructive knowledge of the Plaintiff's disability and were provided multiple physician statements/documents regarding the Plaintiff's disability by email, fax, and in-person delivered that identify and described the plaintiff disability." (Id.). And he contends that "Defendants Charles Kraver Jr owner of Deep Seafood violated the Fair Labor Standards Act against [Burks]." (Id.).

Under the heading "Claims for Relief," Burks lists the following subheadings: "A. Breach of Employment" and "B. Negligence." (Id. at 4). Under the first subheading, Burks "ask the court to grant and order the sum of $200,000.00 for violation of ADA." (Id.). Under the same subheading, Burks states that "[a]s a result of Defendants' breach the FLSA violation which arose during Plaintiff employment ask the court to grant and order the sum of $15,000.00." (Id.). Burks further states under the first subheading: "As a result of Defendant breach, the refuse of accommodation and willfully having construct knowledge of the plaintiff's disability . . . which resulted in Defendant's violation of the America Disability[,] Plaintiff ask that the court

grant an order the sum of $150,000.00 for punitive damages."
(Id.).

Under the second subheading, Burks alleges the following:
"Defendant has a duty to maintain and follow the state of Alabama
Federal Rules for FSLA, ADA and FMLA[;]" that "Defendants' breach
directly and proximately caused damages to the plaintiff as set
forth above[;]" and that Burks "sustained damages have resulted in
total damages in excess of $365,000.00 which will be granted if
approved by the court[.]" (Id.).

Burks requests the following relief:

1.    For Punitive Damages
2.    For FSLA, Violation Damages
3.    For ADA Violation Damages
4.    For FMLA Violation Damages
5.    For General Damages for past, present, and future
      pain and suffering, and other damages 1-4 pray for
      relief in the total amount of $365,000.00.
6.    For such other and further relief as this court
      deems just and equitable.

(Id. at 5).

Burks attaches a variety of documents in exhibits to his
complaint, including pay statements, letters from physicians,
Social Security documents, insurance forms, emails, and EEOC
documents. (See id. at 6-59).

**F.    Motion to Dismiss Second Amended Complaint (Doc. 18).**

On June 6, 2022, Defendants Deep Sea Foods and Kraver filed
the instant motion to dismiss Burks's second amended complaint or,
in the alternative, to require Burks to provide a more definite

statement. (Doc. 18). Defendants argue that the instant complaint fails to state claims upon which relief can be granted under the ADA, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* (Id. at 3-6). Defendants further contend that Burks's complaint is due to be dismissed because it is a shotgun pleading that asserts ostensibly separate causes of action in a single count and without distinction, contains nothing more than labels and conclusions, and fails to make clear which of the minimal factual allegations pertain to which claims for relief. (Id. at 6-7). Alternatively, Defendants assert that Burks should be required to replead to cure his complaint's pleading defects. (Id. at 7-8). Defendants also argue that Burks's claims against Kraver should be dismissed because the ADA does not provide for individual liability, and because the complaint does not allege sufficient factual matter to establish Kraver's liability under the FLSA. (Id. at 8-9). Burks filed a response in opposition to the motion (Doc. 26), and Defendants filed a reply. (Doc. 28). Thus, Defendants' motion is ripe for resolution.

## II.  **STANDARDS OF REVIEW**

### A.    **Rule 12(b)(6).**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief can be

granted.  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1254 (11th Cir. 2012).

Although a complaint "does not need detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (internal citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).  The court must accept the factual allegations in the complaint as true and draw "all reasonable inferences in the plaintiff's favor."  St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).  However, the court is not required to accept a plaintiff's legal conclusions.  Iqbal, 556 U.S. at 678.  A court reviewing a motion

13

to dismiss under Rule 12(b)(6) is typically limited to the four corners of the complaint and exhibits attached thereto.  <u>Grossman v. Nationsbank, N.A.</u>, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam).

**B.   Rule 12(e).**

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "Motions for more definite statement are viewed with disfavor and are rarely granted."  <u>Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel or Vessels</u>, 352 F. Supp. 2d 1218, 1221 (S.D. Ala. 2005).  Such motions are "intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail."  <u>Aventura Cable Corp. v. Rifkin/Narragansett South Fla. CATV Ltd. Partnership</u>, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996).  "Indeed, '[a] motion for a more definite statement will only be required when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.'"  <u>Fathom Exploration</u>, 352 F. Supp. 2d at 1221 (quoting <u>Campbell v. Miller</u>, 836 F. Supp. 827, 832 (M.D. Fla. 1993)).

**C.   Rules 8 and 10.**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2)'s purpose is "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal citation and quotation marks omitted). Each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Rule 10(b) further provides that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Id.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four rough categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) those that do not re-allege all preceding counts but are

"replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." See id. at 1321-23. Although there are different types of shotgun pleadings, their "unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

   D.   *Pro Se* **Litigation.**

   When considering a *pro se* litigant's allegations, a court gives them a liberal construction, holding them to a less stringent standard than those drafted by an attorney. Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (citation and internal quotation marks omitted). Furthermore, a *pro se* litigant "is subject to the relevant law and

rules of court, including the Federal Rules of Civil Procedure."
Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

## III. **DISCUSSION**

### A. **Burks Fails to State a Claim for Disability Discrimination Under the ADA.**

As best the Court can discern, Burks asserts that Defendants violated the ADA by reducing his wages and changing his pay structure from salaried to hourly, failing to accommodate his disability, and terminating his employment. Although he does not separate his claims for relief under the ADA and does not make clear which allegations pertain to which claims, Burks appears to advance multiple theories of liability, including disparate treatment disability discrimination, failure to accommodate, and retaliation.

The ADA prohibits employers from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "To state a discrimination claim under the ADA, a plaintiff must allege sufficient facts to plausibly suggest '(1) that he suffers from a disability, (2) that he is a qualified individual, and (3) that a "covered entity" discriminated against him on account of his disability.'" Surtain v. Hamlin Terrace Found., 789 F.3d 1239,

1246 (11th Cir. 2015) (per curiam) (quoting Cramer v. Florida, 117

F.3d 1258, 1264 (11th Cir. 1997)).

"An ADA discrimination claim can be based on either a

conventional 'disparate treatment' theory, or a theory that the

defendant failed to make 'reasonable accommodations,' or both."

Forbes v. St. Thomas Univ., Inc., 768 F. Supp. 2d 1222, 1227 (S.D.

Fla. 2010). "Disparate treatment involves discriminatory intent

and occurs when a disabled person is singled out for disadvantage

because of [his] disability." Id. Thus, "[a] plaintiff bringing

a disparate-treatment claim under the ADA must allege that the

disability actually motivated the employment decision." Smith v.

Miami-Dade County, 621 F. App'x 955, 959 (11th Cir. 2015) (per

curiam) (citing Raytheon Co. v. Hernandez, 540 U.S. 44, 52

(2003)).[9]  In contrast, a failure to make reasonable accommodations

claim does not require discriminatory intent "and occurs when a

covered entity breaches its affirmative duty to reasonably

accommodate the known physical or mental limitations of an

otherwise qualified person." Forbes, 768 F. Supp. 2d at 1227.

---

[9] Federal Appendix cases are unpublished Eleventh Circuit opinions
and are not considered binding precedent, but they may be cited as
persuasive authority. See 11th Cir. R. 36-2 ("Unpublished opinions
are not considered binding precedent, but they may be cited as
persuasive authority."); Henry v. Comm'r of Soc. Sec., 802 F.3d
1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in
the Federal Appendix are cited as persuasive authority.").

**i. Disparate Treatment in Violation of the ADA.**

Burks fails to allege sufficient facts to state a claim for disparate treatment under the ADA for a number of reasons. First, Burks fails to adequately allege that he had a disability under ADA.[10] The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." Id. at § 12102(2)(A).

As noted above, Burks conclusorily alleges that he "has a named disability under the ADA" and "had an impairment that met the definition of a disability under the ADA[.]" (Doc. 15 at 2). However, the complaint does not name or otherwise describe Burks's alleged impairment, much less include any factual matter suggesting that the unidentified impairment substantially limited

---

[10] "In an ADA case, the relevant time for assessing the existence of a disability is the time of the adverse employment action." E.E.O.C. v. Chevron Phillips Chem. Co., LP, 570 F.3d 606, 618 (5th Cir. 2009).

a major life activity.[11]  See, e.g., <u>Garcia v. Goodwill Indus. of</u>
<u>S. Fla., Inc.</u>, 2019 U.S. Dist. LEXIS 198676, at *6-7, 2019 WL
6052814, at *2-3 (S.D. Fla. Nov. 15, 2019) (noting that "a
complaint must allege factual matter explaining *how* the alleged
ailment substantially limits a major life activity" and that
"district courts throughout the country . . . routinely reject
conclusory allegations of disabilities under the Americans with
Disabilities Act") (emphasis in original); <u>Lane v. Hillsborough</u>
<u>Cty. Hosp. Auth.</u>, 1997 U.S. Dist. LEXIS 9891, at *22, 1997 WL
394897, at *8 (M.D. Fla. July 10, 1997) (dismissing ADA claim where
plaintiff made "no averments beyond conclusory allegations that he
is a qualified individual with a disability under the ADA"); <u>Scott</u>
<u>v. Fla. Dep't of Educ. Div. of Vocational Rehab.</u>, 2008 U.S. Dist.

---

[11] To the extent Burks relies on his slapdash composite exhibits
to identify the nature of his alleged disability and establish
that it substantially limited a major life activity, he contravenes
the undersigned's prior admonition that "[n]either the Court nor
the Defendants are required to sift through the documents attached
by Burks in an effort to discern their relevance to his claims."
(<u>See</u> Doc. 5 at 7-8).  Indeed, this manner of pleading plainly
violates Rule 8(d)(1)'s directive that "[e]ach allegation must be
simple, concise, and direct."  <u>See</u> Fed. R. Civ. P. 8(d)(1).

  The undersigned notes that in Burks' *first* amended complaint, he
alleged that he cannot lift more than ten pounds (<u>see</u> Doc. 6 at
4); however, as the Court previously informed Burks, a complaint
is considered abandoned and is no longer part of a pleader's
allegations against his adversary when an amended complaint is
filed.  (<u>See</u> Doc. 5 at 19-20) (citing <u>Dresdner Bank AG v. M/V</u>
<u>Olympia Voyager</u>, 463 F.3d 1210, 1215 (11th Cir. 2006)).  Because
the instant second amended complaint is now the operative pleading
in this action, Burks cannot rely on allegations in his prior
complaints to establish that he had a disability.

LEXIS 55797, at *7, 2008 WL 2245613, at *2 (M.D. Fla. May 9, 2008) (finding that "conclusory" allegations that plaintiff was disabled due to lower back injuries did "not suffice to support the assertion that Plaintiff is disabled"), report and recommendation adopted, 2008 U.S. Dist. LEXIS 42638, 2008 WL 2396760 (M.D. Fla. May 29, 2008). Nor does Burks allege facts plausibly suggesting that he had a record of an impairment that substantially limited a major life activity or was regarded as having such an impairment.

Even if the Court could somehow conclude that Burks was disabled based on his scattershot exhibits, his discrimination claims would still be deficient because the complaint fails to plausibly allege that Burks was a qualified individual under the ADA. The ADA defines "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "Essential functions are 'the fundamental job duties of the employment position the [disabled employee] holds or desires.'" Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1258 (11th Cir. 2001) (quoting 29 C.F.R. § 1630.2(n)(1)).

Burks's complaint contains no description of the essential duties of his job and lacks any factual allegations that would allow the Court to reasonably infer that Burks could perform those essential duties with or without reasonable accommodation based on

his unidentified alleged disability.  See Rohttis v. Sch. Dist. of Lee Cty., 2022 U.S. Dist. LEXIS 30923, at *19, 2022 WL 523605, at *8 (M.D. Fla. Feb. 22, 2022) (granting motion to dismiss ADA discrimination claim because plaintiff failed to plausibly allege she was a qualified individual); Lee v. DeJoy, 2021 U.S. Dist. LEXIS 202420, at *20, 2021 WL 4838695, at *8 (N.D. Ga. May 18, 2021) ("Plaintiff does not allege the essential functions of the positions that she sought (or even what those positions were) or allege that she could perform those essential functions, either with or without reasonable accommodations.  Without this information, the second amended complaint simply does not allege that Plaintiff is a qualified individual, and it should be dismissed."), report and recommendation adopted, 2021 U.S. Dist. LEXIS 202419, 2021 WL 4839578 (N.D. Ga. June 8, 2021).

Burks also fails to allege sufficient factual matter to suggest intentional discrimination on the basis of disability.  To state a claim for disparate treatment discrimination, a plaintiff must allege sufficient facts to plausibly suggest that the defendant had discriminatory intent.  See Buchanan v. Delta Air Lines, Inc., 727 F. App'x 639, 641 (11th Cir. 2018) (per curiam) (noting that an employment discrimination complaint must "provide enough factual matter to plausibly suggest intentional discrimination") (citing Surtain, 789 F.3d at 1246).

Burks alleges that his "pay was demoted by Defendant[,]" that his "wages [were] demoted from salary to hourly wage[,] and that "defendant discharged plaintiff due to disability[.]" (Doc. 15 at 3). However, he fails to provide any *factual* support or context connecting these actions with his unnamed alleged disability, and his assertions of "[u]nequal terms and condition of my employment[,]" that he was discharged "due to disability[,]" and that Defendants "violated ADA" are mere legal conclusions. (See id.). Burks alleges no comments, remarks, occurrences, or events that indicate discriminatory animus by Defendants, and he identifies no similarly situated employees who were treated more favorably than he was. See Gober v. Newton Cty. Bd. of Health, 2021 U.S. Dist. LEXIS 255558, at *28, 2021 WL 7632542, at *9 (N.D. Ga. Dec. 17, 2021) (recommending dismissal of ADA disparate treatment claim where plaintiff failed to allege any facts suggesting discriminatory animus by her employer and failed to identify similarly situated employees who were treated more favorably than her); Perry v. Don Park USA Ltd. P'ship, 2021 U.S. Dist. LEXIS 148224, at *17, 2021 WL 3399822, at *6 (N.D. Ga. Apr. 28, 2021) ("[A] complaint that provides no . . . detail manifesting any form of [ ] animus, discriminatory words, prior incidents or other indications that [Perry's disability] played a role in [the employer's] decision to dismiss [him]' is insufficient to satisfy the minimum pleading standards of Rule 8(a)(2).") (citation and

internal quotation marks omitted).  Simply put, Burks's conclusory
and factually threadbare assertions are insufficient to plausibly
suggest that he was subjected to intentional discrimination on the
basis of disability.  Accordingly, Defendants' motion to dismiss
Burks's ADA disparate treatment discrimination claims is due to be
granted.

**ii.  Failure to Accommodate in Violation of the ADA.**

Burks's claim that Defendants breached their duty to provide
reasonable accommodations for his disability fares no better.  "An
employer unlawfully discriminates against a qualified individual
with a disability when the employer fails to provide 'reasonable
accommodations' for the disability—unless doing so would impose
undue hardship on the employer."  Lucas, 257 F.3d at 1255 (citing
42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9(a)).  To state a
claim for failure to accommodate under the ADA, a plaintiff must
allege sufficient facts to plausibly suggest that: "(1) he is
disabled; (2) he is a qualified individual, meaning able to perform
the essential functions of the job; and (3) he was discriminated
against because of his disability by way of the defendant's failure
to provide a reasonable accommodation."  Russell v. City of Tampa,
652 F. App'x 765, 767 (11th Cir. 2016) (per curiam).

As explained in connection with his disparate treatment
claims, Burks does not state a claim on which relief can be granted
for failure to make reasonable accommodations because he fails to

plausibly allege either that he was a disabled person or that he was a qualified individual able to perform the essential functions of the job within the meaning of the ADA.

Additionally, Burks has not included sufficient allegations regarding a reasonable accommodation. "[T]he duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made" by the employee. Gaston v. Bellingrath Gardens & Home, Inc., 167 F.3d 1361, 1363 (11th Cir. 1999) (per curiam); see also Moreira v. Am. Airlines, Inc., 157 F. Supp. 3d 1208, 1216 (S.D. Fla. 2016) ("The duty to accommodate is triggered only when an individual makes a request that is direct, specific, and identifies how it is linked to his disability."). Burks's complaint merely concludes that Defendants "refused to accommodate the employee according to the ADA standards[.]" (See Doc. 15 at 3). However, in the operative complaint, Burks does not allege that he requested an accommodation or that the need for an accommodation was obvious to Defendants, nor does he allege facts plausibly suggesting that any such accommodation would have been reasonable. See Puckett v. Bd. of Trs. of First Baptist Church of Gainesville, Inc., 17 F. Supp. 3d 1339, 1343 (N.D. Ga. 2014) ("Because Plaintiff fails to allege that he requested an accommodation, Plaintiff's ADA discrimination claim based on a failure to accommodate is due to be DISMISSED."); Johnson v. McMahon, 2019 U.S. Dist. LEXIS 238620, at *9-10, 2019 WL 12435703,

at *4 (N.D. Ga. Jan. 22, 2019) (finding that plaintiff failed to state a reasonable accommodation claim when she failed to allege facts tending to show that her requested accommodation was reasonable), report and recommendation adopted, 2019 U.S. Dist. LEXIS 238623, 2019 WL 12444528 (N.D. Ga. Mar. 6, 2019); Davis v. O'Rourke, 2018 U.S. Dist. LEXIS 229089, at *24, 2018 WL 8997476, at *8 (N.D. Ga. July 18, 2018) (finding that a plaintiff fails to plausibly allege failure to provide a reasonable accommodation when he "does not allege that he made the necessary demand for accommodation that would trigger any obligation on the part of [his employer]; he does not articulate what the accommodation was supposed to be (such that the Court or Defendants could assess whether such accommodation was 'reasonable'); and he fails to show how [his employer] failed to provide it in a way that could constitute discrimination"), report and recommendation adopted, 2018 U.S. Dist. LEXIS 229088, 2018 WL 8997472 (N.D. Ga. Sept. 24, 2018). Thus, Burks's claim against Defendants for failure to provide a reasonable accommodation is due to be dismissed.

**B. Burks Fails to State a Claim for Retaliation Under the ADA.**

To the extent the complaint can be construed to assert a claim for retaliation in violation of the ADA, Burks fails to allege sufficient facts to support such a claim. The ADA prohibits employers from retaliating against an employee because he "has

26

opposed any act or practice made unlawful by this chapter" or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). To state a claim for retaliation under the ADA, a plaintiff must allege sufficient facts to plausibly suggest "(1) that he engaged in a protected activity, (2) that he suffered an adverse employment action, and (3) that the protected activity was causally connected to the adverse employment action." See Branscomb v. Sec'y of Navy, 461 F. App'x 901, 905 (11th Cir. 2012) (per curiam). Defendants argue that Burks's retaliation claims fail on the third prong because the complaint is devoid of factual allegations suggesting that Defendants' actions were causally related to a protected activity. (Doc. 18 at 6).

In the operative complaint, Burks alleges that he "filed a complaint with the EEOC [and] received a Right to Sue Notice[.]" (Doc. 15 at 3). He also references an exhibit which reflects that his charge of discrimination was dated October 7, 2021. (See id. at 24). As noted supra, Burks alleges that he was not given reasonable accommodations with respect to his job duties, that his pay was reduced, and that his pay structure was changed from salaried to hourly. (Id. at 3). Burks does not allege when these events took place, but his exhibits indicate that they occurred before he filed a charge of discrimination with the EEOC. (See id. at 3, 24). Burks also alleges that he "was on approved FMLA

27

returned to work and defendant discharged plaintiff due to disability plaintiff filed for unemployment on August 13, 2021[.]" (Id. at 3). These events also apparently occurred *before* Burks filed a charge of discrimination in October 2021, and there are no factual allegations connecting these events with Burks's filing of an EEOC charge. The complaint does not allege any other protected activity or any other adverse employment actions. Consequently, there are no allegations in the complaint that would plausibly suggest a causal connection between Burks's filing of an EEOC charge and the adverse actions he alleges. Accordingly, to the extent the complaint can be construed as raising an ADA retaliation claim, it is due to be dismissed.

**C.  Burks Fails to State a Claim for Violation of the FLSA.**

In his complaint, Burks alleges: "Defendants Charles Kraver Jr owner of Deep Seafood violated the Fair Labor Standards Act against Plaintiff Michael Burks Sr." (Doc. 15 at 3). Burks further states: "As a result of Defendants' breach the FLSA violation which arose during Plaintiff employment ask the court to grant and order the sum of $15,000.00." (Id. at 4).

"To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages." Ray v. Adams & Assocs., Inc., --- F. Supp. 3d ----, 2022

U.S. Dist. LEXIS 67075, at *6-7, 2022 WL 1090111, at *3 (S.D. Fla. Apr. 12, 2022) (citing Morgan v. Fam. Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)); see also Sec'y of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008) (per curiam) ("[T]he requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act.").

Burks's allegations of a violation of the FLSA are conclusory at best and do not rise even to the level of formulaic. As Defendants correctly note, Burks fails to allege facts suggesting that he was not properly paid for any hours that he worked, and he fails to identify any other violation of the FLSA. Indeed, Burks's legal conclusion that Defendants violated the FLSA essentially fails to provide *any* notice of the nature of Burks's putative FLSA claims and the grounds upon which they rest. See Weiland, 792 F.3d at 1323. Accordingly, Burks's claims under the FLSA are due to be dismissed.

**D.   Burks Fails to State a Claim for Violation of the FMLA.**

Burks's complaint likewise fails to make adequate factual allegations to support claims under the FMLA. "The FMLA provides eligible employees the right to 12 weeks of leave for a serious health condition that makes the employee unable to perform the

functions of her position." <u>Munoz v. Selig Enters., Inc.</u>, 981 F.3d 1265, 1274 (11th Cir. 2020); <u>see</u> 29 U.S.C. § 2612(a)(1). "The FMLA protects employees against interference with the exercise or attempted exercise of their substantive rights under the statute. 29 U.S.C. § 2615(a)(1). This prohibition has also been interpreted to provide protection against retaliation for exercising or attempting to exercise rights under the statute." <u>Surtain</u>, 789 F.3d at 1247. To state an interference claim under the FMLA, "the employee must allege that he was entitled to a benefit under the FMLA and was denied that benefit." <u>Id.</u> To state a retaliation, claim under the FMLA, "an employee must allege sufficient facts to plausibly suggest that: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) that the decision was causally related to the protected activity." <u>Id.</u> (citation and internal quotation marks omitted).

"To recover on either an interference or a retaliation claim under the FMLA, the employee must have been employed for at least twelve months by the employer and worked at least 1,250 hours during the previous twelve-month period." <u>Id.</u> (citing 29 U.S.C. § 2611(2)(A)). "The FMLA only applies to private-sector employers with fifty or more employees." <u>Id.</u> (citing 29 U.S.C. § 2611(4)(A)).

Burks fails to plead facts indicating that he was a covered employee or that either Defendant was a covered employer for

purposes of the FMLA. Specifically, Burks provides no facts to suggest that he was employed by Deep Sea Foods for at least twelve months and worked at least 1,250 hours of service during the previous twelve-month period. See 29 U.S.C. § 2611(2)(A). Nor does Burks allege any facts about how many people Defendants employed in order to demonstrate that either Defendant was a covered employer. See id. at § 2611(4)(A). Because Burks's complaint lacks sufficient allegations to state a plausible claim for relief under the FMLA, Burks's FMLA claims are due to be dismissed. See, e.g., Surtain, 789 F.3d at 1247-48 (finding that plaintiff failed to state a claim under the FMLA where she alleged generally that she was a covered employee and that defendant was a covered employer but failed to allege facts supporting those conclusory allegations); Shanks v. Potter, 451 F. App'x 815, 818 (11th Cir. 2011) (per curiam) (holding that the district court properly dismissed plaintiff's FMLA claims because he failed to adequately allege in his complaint that he was an FMLA-eligible employee at the time he attempted to take leave); Armstrong v. Doherty Fla. N. Port, LLC, 2014 U.S. Dist. LEXIS 99560, at *10-11, 2014 WL 3585713, at *4 (M.D. Fla. July 21, 2014) (concluding that plaintiff "failed to sufficiently plead his FMLA claims of interference and retaliation as he did not allege sufficient facts to support the legal conclusion that he was an eligible employee under the FMLA" and "did not allege facts to support the legal

conclusion[ ] that [defendant] was an employer . . . within the meaning of the FMLA"). Accordingly, Defendants' motion to dismiss Burks's FMLA claims is due to be granted.[12]

**E.  Burks Should Not be Granted Leave to Amend.**

In the repleading order dated January 20, 2022, the Court explained to Burks the applicable pleading standards and detailed the various deficiencies in his original complaint that he needed to cure in order to avoid dismissal. (Doc. 5).  Pursuant to the Court's directive, Burks filed his first amended complaint. (Doc. 6).  After Defendants moved to dismiss Burks's first amended complaint on the grounds that it failed to state a claim for relief, failed to meet minimum pleading standards, and was an impermissible shotgun pleading, Burks responded by filing a second amended complaint which fails to state a claim upon which relief can be granted and is an impermissible shotgun pleading. (See Docs. 12, 15).  Indeed, Burks's second amended complaint disregards a number of the Court's pleading directives and repeats some of his most basic pleading errors.  These include alleging little more than labels and conclusions, pleading indirectly by reference to voluminous and poorly organized exhibits, combining several

---

[12] Because Burks's putative ADA, FLSA, and FMLA claims against both Defendants are due to be dismissed for the reasons stated herein, the undersigned will not address the arguments in the motion to dismiss that relate only to Defendant Kraver's liability. (See Doc. 18 at 8-9).

distinct causes of action in a single count, failing to make clear which factual allegations pertain to which claims for relief, and failing to specify which Defendants are responsible for the various acts or omissions alleged.

Because Burks has been given ample time and two opportunities to remedy his deficient allegations and to attempt to formulate viable claims, but is apparently either unwilling or unable to do so, the undersigned recommends that the Court dismiss Burks's second amended complaint without granting further leave to amend. See Tran v. City of Holmes Beach, 817 F. App'x 911, 915 (11th Cir. 2020) (per curiam) (holding that the district court did not abuse its discretion in dismissing *pro se* plaintiffs' third amended complaint with prejudice on shotgun pleading grounds because the court gave plaintiffs two chances to fix their pleading mistakes - "twice as many chances as are required" - and "[i]nstead of fixing the mistakes they made in their complaint, they doubled down and replaced one shotgun pleading with another shotgun pleading"), cert. denied, 141 S. Ct. 2594 (2021); see also Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc., 673 F. App'x 925, 929 (11th Cir. 2016) (per curiam) (noting that dismissal with prejudice "is the default effect of a proper Rule 12(b)(6) dismissal").

## IV. CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** that Defendants' motion to dismiss Burks's second amended complaint (Doc. 18) be **GRANTED**, and that this action be **DISMISSED**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

   **DONE** this **9th** day of **August, 2022.**

                        **_____/s/ SONJA F. BIVINS_____**
                        **UNITED STATES MAGISTRATE JUDGE**